IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID THOMAS,                        )
                                     )
              Petitioner,            )
                                     )
         v.                          )    1:13CV427
                                     )
FRANK L. PERRY,[1]                   )
                                     )
              Respondent.            )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) On October 2, 2006, in the Superior Court of Durham County, Petitioner pled guilty to attempted robbery with a dangerous weapon, assault with a deadly weapon with intent to kill inflicting serious injury, and robbery with a dangerous weapon, in cases 05 CRS 53195, 53197, and 53394, and received consecutive sentences of 80 to 105 months and 71 to 95 months of imprisonment. (Id., ¶¶ 1-6; Docket Entry 6-3.) He did not appeal.[2]

---

[1] Consistent with Rule 2(a) of the Rules Governing Section 2254 Cases, the Petition in this case originally named Kieran J. Shanahan, then-Secretary of the North Carolina Department of Public Safety, as Respondent. (Docket Entry 1.) Frank L. Perry currently serves in that position, see https://www.ncdps.gov/Index2.cfm?a=000003,000008,000153,002681 (last visited Dec. 19, 2014), and by operation of Federal Rule of Civil Procedure 25(d) (applicable to this proceeding pursuant to Rule 12 of the Rules Governing Section 2254 Cases), now appears as Respondent.

[2] Petitioner checked the box indicating that he appealed his conviction (Docket Entry 1, ¶ 8), but his subsequent description refers to a collateral challenge, not a direct appeal (id., ¶ 9).

On October 20, 2008, Petitioner filed a Motion for Appropriate Relief ("MAR") in the trial court.[3] On January 12, 2010, the trial court summarily denied Petitioner's MAR.[4] (Docket Entry 6-7.) On December 17, 2010, Petitioner filed a petition for a writ of habeas corpus with the trial court (Docket Entry 6-8), and the trial court summarily denied the petition on January 12, 2011 (Docket Entry 7-1). Immediately thereafter - January 31, 2011 - Petitioner filed a second MAR with the trial court. (Docket Entry 7-2.) While awaiting a ruling on his second MAR, Petitioner petitioned for a writ of mandamus with the North Carolina Court of Appeals - on June 8, 2012 - requesting the Court of Appeals to order the trial court to rule on his pending MAR (Docket Entry 7-

---

[3] Neither party included a copy of the first MAR in the record. Respondent states that he could not locate a copy of the MAR. (See Docket Entry 6 at 1 n.1.) However, Petitioner attached a copy of the certificate of service for the MAR to a subsequently filed mandamus petition to the North Carolina Court of Appeals and Respondent included that certificate in the record. (See id.; Docket Entry 6-6.) The certificate of service lists October 20, 2008, as the filing date. (Docket Entry 6-6 at 2.) Furthermore, in the Order denying the MAR, the court notes that Petitioner filed it on October 20, 2008. (See Docket Entry 6-7.)

[4] In response to Respondent's instant Motion, Petitioner included a copy of a Motion for a Writ of Mandamus he allegedly filed with the North Carolina Court of Appeals in August of 2009 requesting an order directing the trial court to rule on his then-pending MAR. (Docket Entry 9 at 22-24.) The record does not document the North Carolina Court of Appeal's action on that Motion.

2

3), which the North Carolina Court of Appeals denied on June 15, 2012 (Docket Entry 7-5).[5]

Petitioner then filed a third MAR with the trial court on June 25, 2012 (Docket Entry 7-6), which the court summarily denied on July 5, 2012 (Docket Entry 7-7). Petitioner then filed a fourth MAR with the trial court on August 6, 2012 (Docket Entry 7-8), which the court summarily denied on August 16, 2012 (Docket Entry 7-9). On September 7, 2012, Petitioner petitioned for a writ of certiorari with the North Carolina Court of Appeals, and the court denied the petition on September 21, 2012. (Docket Entry 7-10.) On October 8, 2012,[6] Petitioner filed a "Notice of Appeal Presenting Constitutional Questions" to the North Carolina Supreme Court (Docket Entry 7-11), which dismissed the "Notice" on December 12, 2012 (Docket Entry 7-12).[7]

Finally, Petitioner signed his Petition, under penalty of perjury, and dated it for mailing on May 22, 2013 (Docket Entry 1 at 15), and the Court stamped and filed the Petition on May 30,

---

[5] The record does not reflect when or if the trial court ever ruled on Petitioner's second MAR.

[6] Although the court stamped the "Notice" as received on October 8, 2012, they subsequently referred to it as filed on October 9, 2012. (See Docket Entry 7-11 at 2; Docket Entry 7-12 at 2.) Regardless, the discrepancy does not affect the undersigned's recommendation.

[7] Petitioner's "Notice" appealed the denial of his petition for a writ of certiorari from the North Carolina Court of Appeals. (Docket Entry 7-11.)

3

2013 (Docket Entry 1 at 1).[8]  Respondent has moved to dismiss the Petition on statute of limitation grounds (Docket Entry 5), and Petitioner filed a response to Respondent's instant Motion (Docket Entry 9).  For the reasons that follow, the Court should grant Respondent's instant Motion.

## **Petitioner's Claims**

Petitioner raises three claims for relief in his Petition: (1) "Denial of [d]ue [p]rocess by using prior [j]uvenile conviction to erroneously [i]ncrease [Petitioner's] prior [r]ecord [l]evel" (Docket Entry 1 at 5); (2) "The [t]rial court lacked [j]urisdiction to [i]mpose [j]udgment because [Petitioner's] [i]ndictment were [sic] defective thus violating the Due Process Clause of the U.S. Constitution" (id. at 7); and (3) "Denial of [e]ffective [a]ssistance of counsel in violation of the 6th Amendment" (id. at 8).

## **Discussion**

Respondent moves for dismissal of the Petition on the grounds that Petitioner filed his Petition outside of the one-year limitation period, see 28 U.S.C. § 2244(d)(1).  (Docket Entry 6 at 3-5.)  In order to assess Respondent's statute of limitations argument, the undersigned must first determine when Petitioner's

---

[8] Under Rule 3(d) of the Rules Governing Section 2254 Cases in United States District Courts, the Court deems the instant Petition filed on May 22, 2013, the date Petitioner signed the Petition (under penalty of perjury) as submitted to prison authorities. (See Docket Entry 1 at 15.)

4

one-year period to file his Section 2254 Petition commenced. The United States Court of Appeals for the Fourth Circuit has explained:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period begins to run from the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008). Neither Petitioner nor Respondent claim that subparagraphs (B), (C), or (D) apply in this situation. (See Docket Entries 6, 9.) Thus, the question becomes when, under subparagraph (A), did Petitioner's limitation period begin and end?

Under subparagraph (A), Petitioner's case became final on October 2, 2006 - the date of his judgment and conviction. North Carolina limits the rights of individuals who pled guilty to appeal

5

their convictions.  See N.C. Gen. Stat. § 15A-1444 (2006). Specifically, if an individual's minimum sentence falls within or below the presumptive range of sentences, then the individual cannot file an appeal as a matter of right.  Id.  Because the minimum terms of Petitioner's prison sentences of 80 to 105 and 71 to 95 months fell within the mitigated range of sentences, Petitioner could not file an appeal as a matter of right.  See id. at §§ 15A-1444(a1), 15A-1340.17 (2006).  Thus, Petitioner's case became final, for purposes of calculating the limitation period, on October 2, 2006.  See Gonzalez v. Thaler, __ U.S. __, __, 132 S.Ct. 641, 654-55 (2012) (holding that a petitioner's case becomes final when the time for pursuing direct review expires); see also Hairston v. Beck, 345 F. Supp. 2d. 535, 538 (M.D.N.C. 2004) (finding that, because the petitioner did not have a right to appeal, the limitation period ran from the day of judgment) (Osteen, J., adopting the recommendation of Dixon, M.J.).[9]  The one-year limitation period ran from October 2, 2006, to its expiration on October 2, 2007.

Although Petitioner filed numerous MARs in state court, he filed the MARs after the limitation period had run, and the belated

---

[9] Even if Petitioner had the opportunity to appeal, the North Carolina Rules of Appellate Procedure require a notice of appeal within fourteen days of judgment. N.C.R. App. P. 4(a)(2).  Thus, Petitioner's ability to appeal would have expired October 16, 2006, and the limitations period would have expired October 16, 2007 - long before Petitioner filed his first MAR or this Petition.

6

filings could not revive the already expired one-year limitation period.  See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (finding that state filings made after the federal limitations period do not restart or revive the federal limitations period). Here, Petitioner did not file his Petition until almost six years after the limitations period had run.  Therefore, Petitioner filed his Petition untimely, outside of the limitations period.

Despite the Petition's untimeliness, Petitioner contends that the Court ought to address the merits of his Petition by tolling the limitations period.  (Docket Entry 9 at 3.)  Although the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year statute of limitations for habeas claims, see 28 U.S.C. § 2244(d)(1), a court can equitably toll the one-year limitations period, see Holland v. Florida, 560 U.S. 631, 634 (2010).  Equitable tolling requires that Petitioner demonstrate that (1) he has diligently pursued his rights, and (2) extraordinary circumstances prevented a timely filing. Id. at 649. Equitable tolling requires a case by case analysis.  Id. at 649-50.

In this case, Petitioner makes a fruitless request for tolling.  Petitioner argues that, because he had to move the state courts to rule on his MARs, this Court should not count that time against him; however, Petitioner did not file his MARs until after the one-year limitation period had elapsed.  Thus, the state

court's failure to timely address his MARs would not have affected the timeliness of his Petition.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 10) be granted, the Petition (Docket Entry 2) be denied, and that Judgment be entered dismissing this action.

                                                    /s/ L. Patrick Auld
                                                             **L. Patrick Auld**
                                    **United States Magistrate Judge**

December 22, 2014