IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID THOMAS,                )
                             )
        Petitioner,           )
                             )
    v.                       )   1:13CV427
                             )
FRANK L. PERRY,              )
                             )
        Respondent.           )

## ORDER

This matter is before this court for review of the Memorandum Opinion and Recommendation ("Recommendation") filed on December 22, 2014, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 12.) In the Recommendation, the Magistrate Judge recommends that Respondent's Motion to Dismiss (Doc. 5) be granted, that the Petition (Doc. 1) be denied, and that this action be dismissed. The Recommendation was served on the parties to this action on December 22, 2014. (Doc. 13.) Petitioner filed timely objections (Doc. 14) to the Recommendation.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations

made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which objection was made and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. Specifically, this court finds, as the Magistrate Judge did, that this Petition was not timely filed. (See Recommendation (Doc. 12) at 6-7.) In his objections, Petitioner claims that he has "a valid reason for the time limitation[] lapse." (Petitioner's Objections (Doc. 14) at 1.) However, this court has examined the record and Petitioner's pleadings for circumstances that would equitably toll the statute of limitations and has found none.

Petitioner explains that the deficiencies in the indictment against him made it so that he could not file a timely petition in state court or that these circumstances should excuse the time limitation for filing his petition in state court. (See id. at 2.) Petitioner also asserts that he "suffers from schizophrenia." (Id. at 3.) Despite Petitioner's claims, Petitioner has not explained how either of these circumstances caused him to wait for over two years to file his first Motion for Appropriate Relief in Durham County Superior Court. (See

Recommendation (Doc. 12) at 1-2.)  Although Petitioner has filed numerous motions in the state courts since 2008, this court finds Petitioner has not shown that he was "pursuing his rights diligently" from the date of his conviction in October 2006 to the date his first Motion for Appropriate Relief was filed in October 2008, or that Petitioner's justifications are "some extraordinary circumstance [that] stood in his way" of his timely filing.  See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also United States v. Sosa, 364 F.3d 507, 513 (4th Cir. 2004) (noting that "federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity" and that the petitioner in that case had not "asserted that his mental condition rises to this level").  Thus, this court finds that the limitation period should not be equitably tolled.  Because this court's de novo determination is in accord with the Magistrate Judge's Recommendation, this court will adopt the Recommendation.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation (Doc. 12) is **ADOPTED.  IT IS FURTHER ORDERED** that Respondent's Motion to Dismiss (Doc. 5) is **GRANTED,** that the habeas corpus petition (Doc. 1) is **DENIED,** and that this action is **DISMISSED.**  A Judgment dismissing this action will be entered

contemporaneously with this Order.  Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 31st day of March, 2015.

*/s/ William L. Osteen, Jr.*
_____
       United States District Judge